IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| 1.   MICHAEL R. HYMAN | ) | |
| | ) | |
| | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:23-cv-00547 |
| | ) | |
| 1. NEW MEXICO STATE UNIVERSITY | ) | |
| | ) | |
| 2. THE BOARD OF REGENTS OF | ) | |
|     NEW MEXICO STATE UNIVERSITY | ) | |
| | ) | |
| 3. DAVID DANIEL, individually and in his | ) | |
|     Official capacity as Head of the Marketing | ) | |
|     Department at New Mexico State University | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| 4. Daniel James, individually and in his official | ) | |
|     Capacity as Associate Dean of the College of | ) | |
|     Business | ) | |
|         Defendants, | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR AN EMERGENCY INJUNCTION**

**AND RESTRAINING ORDER AND BRIEF IN SUPPORT**

**Introduction**

This motion is filed under Fed. R. Civ. P. 64 & 65 and Rules 1-064, 1-065 NMRA seeking an injunction to allow Plaintiff, Dr. Michael R. Hyman, to maintain his current employment status as a Distinguished Achievement Professor with full salary on sabbatical, to enjoin Defendants from processing Plaintiff's retirement, to prevent Defendants from continuing to harass Plaintiff in violation of the settlement agreement reached between the parties in *Hyman*

*v. NMSU et al.,* 2:18-cv-1103-JB-KRS, and to prevent Defendant David Daniel from continuing his derogation and defamation campaign against Plaintiff, by a Court ordered Protective Order during the pendency of this current litigation.

## Background and Statement of Facts

On the 27th of November 2018, Plaintiff filed a case styled *Hyman v. NMSU et al.,* 2:18-cv-1103-JB-KRS. On the 19th of May 2022, the parties engaged in a settlement conference before the Honorable Kevin R. Sweazea, Magistrate Judge for the United States District of New Mexico. The parties settled the case and formalized a settlement agreement attached to this motion as Exhibit A.

Almost immediately after signing the settlement agreement, Defendants began a retaliation campaign against Plaintiff and refused to honor critical provisions of the agreement. First, Defendants insisted that Plaintiff must work with David Daniel regarding the payment of travel or research funds. Defendants understood David Daniel exacerbated Plaintiff's anxiety disorder, and yet they insisted that he negotiate with Daniel despite contract language that does not require such negotiation. *See Exhibit A* at pg. 3.

Second, the agreement states that during the pendency of Plaintiff's sabbatical, his "pay and benefits will remain unchanged, and he will be entitled to any increases received by the faculty for the 2022-2023 academic year." *See Exhibit A* at pg. 3. Since the start of Plaintiff's employment in August 1993, tenure track or tenured faculty members who requested summer support in the form of teaching one class almost always received such support. Plaintiff taught at least one summer course each summer from 1994 until 2015. Starting with James Hoffman becoming Dean and beginning his retaliatory campaign against Plaintiff, Plaintiff was denied

summer teaching from 2016 onward, except for 2019, when Associate Dean Brook intervened. Retaliating against Plaintiff by repeatedly depriving him of teaching at least one summer course from 2016 to 2018 and 2020 to 2022 cost Plaintiff roughly $75,000. Plaintiff should have been offered the amount in question for Block 1 of the summer semester. Still, NMSU failed to provide this benefit to which he was entitled, per the well-established pattern of financial retaliation against Plaintiff, including minimal merit pay raises despite outstanding research and service performance.

Third, Defendants now insist that Plaintiff return files stored on personal computers assigned to him, claiming those files are NMSU's property. This insistence violates Plaintiff's copyright on five courses Plaintiff has developed and the copyrights of Plaintiff and his coauthors on at least 15 scholarly manuscripts.  As part of Dr. Hyman's post NMSU career plans, he has started an institute, and a consulting practice. The online courses Dr. Hyman developed are part of his plan to offer online course content to other providers of marketing education including but not limited to primary and secondary institutions of education. Defendants actions are preventing Dr. Hyman from earning a living and providing for his young family post NMSU, and thus he is suffering immediate and irrerparable harm given the fact that his marketability is directly related to his very recent status as a distinguished achievement professor.It also invalidates Plaintiff's assignment of more than 100 copyrights to scholarly journals, professional organizations, and book publishers. Further, Defendants actions are prohibiting Dr. Hyman from working on a textbook with a colleague based on his online course materials and experiences every day of delay is time that Dr. Hyman can't get back, and thus, he is suffering irreparable harm. *See Exhibit B*. Ensuring that all parties' rights are protected will require hundreds of hours of Plaintiff's time to review and process the files and contact all his

current and past coauthors and the editors of the academic journals in which many of those works appeared. Furthermore, Plaintiff would be required to review and process copious amounts of student files and data protected by the Family Education Rights and Privacy Act 20 U.S.C. § 1232g. NMSU's current and long-standing policy is to hold faculty members responsible for safeguarding all student-related files and data, destroying them after a reasonable period (i.e., at least three years).

Given that these burdens have been wholly created by vitriolic administrators motivated by revenge, it is unreasonable for Plaintiff to deal with this situation and undertake the associated work without fair compensation. Thus, he should be allowed to maintain his employment status, collect his pay, and work through these issues.

## **Requested Relief**

Plaintiff request that he be afforded a full evidentiary hearing on this motion to allow him to demonstrate to the Court the immediate and irreparable harm he is suffering. Such hearing should allow him to call witnesses. Plaintiff requests the right to call at a minimum the following witnesses who can provide testimony as follows:

a. Plaintiff, Dr. Hyman, who will testify at a minimum about the amount of time these issues have cost him and the opportunity costs he has suffered as a result. Further, Dr. Hyamn can testify about the psychological toll he has suffered at the hands of Defendants.

b. Pat Gavin, College Professor in the Department of Marketing, who can testify about Defendants actions in relations to Dr. Hyman and specifically David Daniel's actions.

    c.   All Defendants and employees of Defendants with knowledge about the actions and issues contained in this motion.

    d.   Cody R. Rogers, Defendants attorney in the previous litigation, who can testify about her conversations with Defendants and David Daniel as to why they are not willing to pay Dr. Hyman all amounts due to him under the settlement agreement.

    e.   Professor Stacia Wert-Gray, Ph.D., Department Chairwoman and Professor at the University of Central Oklahoma. Professor Gray is an expert witnesss who can testify about university policies regarding courses specifically online course, and the economic value that such course have.

    f.   The Honoarable Elizabeth Kerr, Judge of the District Court of Oklahoma County, State of Oklahoma and former legal counsel at the University of Central Oklahoma. Judge Kerr can testify about standard university policies regarding intellectual property, and higher education law.

Given the irreparable harm Plaintiff is suffering at the hands of the Defendants, Plaintiff requests an injunction allowing him to maintain his status and current pay, including summer funding, be granted and reasonable attorney's fees of not less thanof $10,750.00 be awarded for having to seek Court enforcement of his rights under the law and the contract drafted and negotiated by Defendants. It is reasonable that these fees will increase depending on the extent of the hearing granted by the Court, and depending on Defendants' replies and the amount of time and preparation Plaintiff's attorney will need to research and respond.

## Brief in Support of the Motion

Rule 64 (a) of the United States Rules of Civil Procedure provides, "At the commencement of and throughout an action, every remedy is available that, under the law of the

state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." New Mexico Rule of Civil Procedure for the District Courts 1-064 provides, "At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state."

In *Ditucci v. Bowser*, 985 F.3d 804 (10th Cir. 2021), the Court has recognized that interim remedies such as those sought in this case are available when a Plaintiff may suffer irreparable injury. In this case, Plaintiff will suffer irreparable injury for several reasons if relief is not granted. First, Defendants have repeatedly threatened to deny Plaintiff his emeritus status if he fails to honor any settlement agreement provision. Thus, if Plaintiff does not return the two NMSU-issued and inventoried personal computers by the date demanded by Defendant James, Plaintiff risks a major benefit. Because Defendant James insists the stored files on both personal computers, including but not limited to unfinished research manuscripts, data collected and organized by Plaintiff and his colleagues, manuscripts to which Plaintiff assigned the copyright to journal publishers, and confidential student records and communications, Plaintiff will be forced to review all documents on those computers, contact many coauthors and journal editors, and inform them about this litigation's implications. If Plaintiff fails to undertake this time-intensive effort, he risks his professional reputation as a marketing ethics scholar.

Second, Plaintiff is being irreparably harmed by the Defendants' actions because he cannot devote his full attention to his new institute. Thus, the Defendants' actions force him to deal with these issues by altering his work schedule substantially. Plaintiff will never get this

time back, and time is of the essence when undertaking an endeavor such as founding a new institute focused on business scholarship and practice.

Third, Plaintiff is being harmed by Defendant Daniel's consistent disparagement in violation of the settlement agreement. Such disparagement, especially with journal editors and other academic community members, is hindering Plaintiff's post-NMSU career and sullying a professional reputation he cultivated over more than four decades.

For these reasons, Plaintiff's prayer for relief should be granted.

**RESPECTFULLY SUBMITTED THIS 30 day of June 2023.**

s/Grant Aguirre
Aguirre, Morelli, and Assoc.
616 E. Warner
Guthrie, OK 73044
(405) 414-7054
grant.aguirre@gmail.com

## **CERTIFICATE OF SERVICE**

This is to certify that on this 30th Day of June 2023, Defendants were served personally by process server at their principle place of business The New Mexico State University, 1780 E. University Dr, Las Cruces, NM 88003, and by email at each of Defendants NMSU email address domain.

Exhibit B

**From:** Michael Hyman <mhyman@nmsu.edu>
**Sent:** Tuesday, June 20, 2023 10:51 AM
**To:** Daniel James <ddjames@nmsu.edu>
**Cc:** Grant Aguirre-Y-Luker <GAguirre@uco.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Daniel—

Again, my settlement agreement does not require receipts; it merely indicates I will receive the money. Furthermore, NMSU's outside legal counsel (Cody) repeatedly indicated to my attorney that no receipts were required. (And yes, there are emails.)

As for returning the two P.C.s, I await my attorney's advice regarding data ownership and the best way for me to fulfill the settlement agreement's terms.

Mike

Dr. Michael R. Hyman
  Founder and President, *Institute for Marketing Futurology and Philosophy*
  Distinguished Achievement Professor, *New Mexico State University*
Address: 5260 Redman Road, Las Cruces, NM 88011-7556
Phone: 575-522-8463


**From:** Daniel James <ddjames@nmsu.edu>
**Sent:** Tuesday, June 20, 2023 9:30 AM
**To:** Michael Hyman <mhyman@nmsu.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Michael, if you have qualifying research and/or travel expenses, please provide me the receipts so we can get you reimbursed.

Re the computers, may I suggest that you work out a specific day and time that you will return them, so that I.C.T. will be ready to receive them?  You could work directly with I.C.T. to set up that day and time, or you can coordinate through me.  Please advise.

Daniel


**From:** Michael Hyman <mhyman@nmsu.edu>
**Sent:** Friday, June 16, 2023 7:26 PM
**To:** Daniel James <ddjames@nmsu.edu>
**Cc:** Roy Collins <collins0@nmsu.edu>; crogers@jarmielaw.com; Grant Aguirre-Y-Luker <GAguirre@uco.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Daniel—

I spoke with my attorney this afternoon. Based on that conversation, I'm awaiting his further instructions on this matter.

Note that my settlement agreement only requires me to return the two inventoried computers (despite their datedness, functionality, and near-zero value). Please see item 4 on page 4 of the agreement. It does not mention the contents of the hard drives or other "accessories." Again, I respectfully request that you indicate the NMSU policy that states NMSU 'owns' the data encoded on those drives so that I may inform my attorney accordingly.

As for cutting me an $1800 check without needing to provide receipts, please see item 1e on page 3 of the agreement. I'm sure the Dean's discretionary fund can cover this modest amount.

Thanks.

Mike

Dr. Michael R. Hyman
  Founder and President, *Institute for Marketing Futurology and Philosophy*
  Distinguished Achievement Professor, *New Mexico State University*
Address: 5260 Redman Road, Las Cruces, NM 88011-7556
Phone: 575-522-8463


**From:** Daniel James <ddjames@nmsu.edu>
**Sent:** Friday, June 16, 2023 4:48 PM
**To:** Michael Hyman <mhyman@nmsu.edu>
**Cc:** Roy Collins <collins0@nmsu.edu>; crogers@jarmielaw.com
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Michael,

Regarding the computer issue, all I will say is that there is an expectation by your employer that you will return all employer-owned property in your possession including the computers, drives, data, and any other accessories owned by NMSU intact to I.C.T. by the deadline. I am not going to argue about this.

Regarding the money issue, I am fine with interacting with you since David Daniel is out on leave. My understanding is that the marketing department *reimburses* faculty up to $1800 for travel (or up to $900 of this amount for research, with a combined total not to exceed $1,800). Therefore, if you have reimbursable expenses of this nature, please provide me the receipts ASAP. Note that neither the CoB nor the marketing department has the ability to write you a check. We would need to request one from accounts payable, but the request must be backed up by suitable receipts. I understand that this is the direction of the general counsel's office. If it is your position that you are entitled to $1800 other than as a reimbursement for travel and/or research in support of the college's mission, please have your attorney reach out to NMSU's outside counsel on this matter, Cody Rogers.

Sincerely,

*Daniel D. James, J.D.*
**Interim Associate Dean**
**College Professor**

New Mexico State University
College of Business
Phone: 575-646-5314
Fax: 575-646-6155

M.S.C. 3AD, P.O. Box 30001
Las Cruces, NM 88003-8001
mailto:ddjames@nmsu.edu


**From:** Michael Hyman <mhyman@nmsu.edu>
**Sent:** Friday, June 16, 2023 10:33 AM
**To:** Daniel James <ddjames@nmsu.edu>
**Cc:** Grant Aguirre-Y-Luker <GAguirre@uco.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Daniel—

Although the physical drives may belong to NMSU, the data thereon does not, any more than my Canvas-posted courses, research manuscripts, research data, or communications belong to NMSU. Thus, I will wipe the drives as thoroughly as I can before returning the two P.C.s to I.C.T. by June 30th. I've cc'd my attorney (Grant Aguirre-Y-Luker; email address GAguirre@uco.edu), who you are welcome to chat with about the proprietary nature of the data contained on those drives.

It should be unnecessary to chat with David Daniel about that $1800. The C.O.B. should be able to issue me a check, per Cody Roger's previous communications with my attorney. Rather than David, please contact NMSU's Office of Legal Counsel about this matter. Also note that my settlement agreement requires that payment, so failing to make it means NMSU has violated that agreement, and thus can be subject to further litigation (according to my attorney).

Thanks. Have a great weekend.

Mike

Dr. Michael R. Hyman
  Founder and President, *Institute for Marketing Futurology and Philosophy*
  Distinguished Achievement Professor, *New Mexico State University*
Address: 5260 Redman Road, Las Cruces, NM 88011-7556
Phone: 575-522-8463


**From:** Daniel James <ddjames@nmsu.edu>
**Sent:** Friday, June 16, 2023 9:08 AM
**To:** Michael Hyman <mhyman@nmsu.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

==Michael, the computers you mentioned, the drives therein, and the data thereon are university property.  As such you must return the computers with drives and data intact to NMSU.  You may not destroy the computers, the drives, or data.  Doing so would be improper and a violation of law.==  After NMSU has received the computers (with drives and data intact), NMSU will dispose of same in

accordance with its regular practice and procedure.  Return the computers to the main I.C.T. computer center which is located on the N.E. corner of Sweet and Stewart on campus.  You mentioned that you must return the computers by July 1st.  July 1st is a Saturday, and I.C.T. will be closed that day.  Therefore, please deliver the intact computers to I.C.T. no later than Friday, June 30th.

Regarding the $1800 money issue, David Daniel is on annual leave; I will follow up with him upon his return.

Sincerely,

*Daniel D. James, J.D.*

**Interim Associate Dean**
**College Professor**
New Mexico State University
College of Business
Phone: 575-646-5314
Fax: 575-646-6155

M.S.C. 3AD, P.O. Box 30001
Las Cruces, NM 88003-8001
mailto:ddjames@nmsu.edu


**From:** Michael Hyman <mhyman@nmsu.edu>
**Sent:** Thursday, June 15, 2023 3:49 PM
**To:** Daniel James <ddjames@nmsu.edu>
**Cc:** Grant Aguirre-Y-Luker <GAguirre@uco.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Daniel—

I'll await your discovery of any NMSU policy precluding my destroying those drives.

Mike

Dr. Michael R. Hyman
  Founder and President, *Institute for Marketing Futurology and Philosophy*
  Distinguished Achievement Professor, *New Mexico State University*
Address: 5260 Redman Road, Las Cruces, NM 88011-7556
Phone: 575-522-8463


**From:** Daniel James <ddjames@nmsu.edu>
**Sent:** Thursday, June 15, 2023 3:22 PM
**To:** Michael Hyman <mhyman@nmsu.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Michael, I am seeking guidance from above re the drives, so just hang tight.  I'll look into the money issue tomorrow.

Daniel

**From:** Michael Hyman <mhyman@nmsu.edu>
**Sent:** Thursday, June 15, 2023 3:14 PM
**To:** Daniel James <ddjames@nmsu.edu>
**Cc:** Grant Aguirre-Y-Luker <GAguirre@uco.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Daniel—

It's been S.O.P. for many years to destroy all drives in 'old' (i.e., ancient and subsequently junked) P.C.s to prevent the dissemination of proprietary data. These P.C.s are roughly a decade old, so NMSU will surely recycle them. (When I received them, the O.S. was Windows 7.) Unless you can point to an NMSU policy that precludes destroying those drives, I will destroy them. (I recall taking a hammer to a drive in one of Pookie's 'recycled' P.C.s roughly a decade ago.)

Thanks.

Mike

Dr. Michael R. Hyman
  Founder and President, *Institute for Marketing Futurology and Philosophy*
  Distinguished Achievement Professor, *New Mexico State University*
Address: 5260 Redman Road, Las Cruces, NM 88011-7556
Phone: 575-522-8463

**From:** Daniel James <ddjames@nmsu.edu>
**Sent:** Thursday, June 15, 2023 1:58 PM
**To:** Michael Hyman <mhyman@nmsu.edu>
**Subject:** RE: Returning P.C.s with NMSU Inventory Tags

Michael, I will get back to you on this. In the interim, please do not remove or destroy any HDDs and S.S.D.s as they are part of the computers and thus university property which presumably must be returned not only as part of a settlement agreement, but also consistent with the normal course when a faculty member retires.

Sincerely,

*Daniel D. James, J.D.*

**Interim Associate Dean**
**College Professor**
New Mexico State University
College of Business
Phone: 575-646-5314
Fax: 575-646-6155

M.S.C. 3AD, P.O. Box 30001
Las Cruces, NM 88003-8001
mailto:ddjames@nmsu.edu

**From:** Michael Hyman <mhyman@nmsu.edu>
**Sent:** Thursday, June 15, 2023 12:06 PM
**To:** Daniel James <ddjames@nmsu.edu>
**Cc:** Grant Aguirre-Y-Luker <GAguirre@uco.edu>
**Subject:** Returning P.C.s with NMSU Inventory Tags

Daniel—

Happy June 15th! I hope you're doing well.

Under the settlement agreement negotiated in federal court, I must return, by July 1st, the two P.C.s with NMSU inventory tags assigned to me. Given my history with David Daniel, I am extremely uncomfortable returning those P.C.s to him and the Marketing Department. (Note: Before returning them, I will strip both P.C.s of all propriety data by removing and destroying all contained HDDs and S.S.D.s.) Will you or your office accept receipt?

Also, despite repeatedly indicating that I am uncomfortable dealing with him, David has insisted that he approve any requests regarding my annual Marketing Department research stipend for the 2022-2023 academic year (i.e., $1800). My attorney, Dr. Grant Aguirre—cc'd here—has repeatedly discussed this matter with Cody Rogers, NMSU's outside legal counsel. Cody has repeatedly indicated that NMSU would cut me a check for $1800. In your capacity as an associate dean, can you expedite this funding solution, as I've been wrestling with this problem since early Fall?

Thanks in advance for your help.

Mike

Dr. Michael R. Hyman
  Founder and President, *Institute for Marketing Futurology and Philosophy*
  Distinguished Achievement Professor, *New Mexico State University*
Address: 5260 Redman Road, Las Cruces, NM 88011-7556
Phone: 575-522-8463