## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DR. MICHAEL R. HYMAN,

      Plaintiff,

vs.                                                          No. CIV 23-0547 JB/JHR

NEW MEXICO STATE UNIVERSITY; THE
BOARD OF REGENTS OF NEW MEXICO
STATE UNIVERSITY; DEPARTMENT
HEAD DAVID DANIEL and DANIEL
JAMES,

      Defendants.

## ORDER[1]

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss and for Attorney's Fees, filed July 28, 2023 (Doc. 18)("MTD").  The Court held a hearing on March 1, 2024.  See Notice of Motion Hearing (text-only entry)(Doc. 38).  The primary issue is whether the Court should dismiss this case for lack of jurisdiction, because the Complaint, filed June 27, 2023 (Doc. 1), does not allege plausibly any federal cause of action.  For the reasons stated below and on the record at the hearing, the Court concludes that Plaintiff Michael Hyman has not plead sufficiently his federal claims.  See Draft Transcript of Hearing at 112:25-113:22 (taken March 1, 2024)(Court).[2]  The Court will dismiss the Complaint's federal law claims with prejudice and will

---

[1]This Order disposes of the Defendants' Motion to Dismiss and for Attorney's Fees, filed July 28, 2023 (Doc. 18).  The Court will issue at a later date, however, a Memorandum Opinion more fully detailing its rationale for its decision.

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

dismiss the Complaint's State law claims without prejudice.  The Court will not award attorney's fees.  Accordingly, the Court will grant in part and deny in part the MTD.

To survive a motion to dismiss brought pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Aschroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, courts must accept all well-plead allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party.  See Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1149 (10th Cir. 2001).  Hyman alleges federal claims based on: (i) gender, age, and religion discrimination, see Complaint ¶¶ 17-24, at 7-11; id. at ¶¶ 29-32, at 17-18; (ii) retaliation for filing complaints, see Complaint ¶¶ 33-39, at 18-23; (iii) violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12205 ("ADA"), see Complaint ¶¶ 25-38, at 11-16; and (iv) violations of Hyman's copyrights, see ¶¶ 40-41, at 23-24.  First, Hyman does not allege sufficient facts to support his claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") or under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634 ("ADEA"), because Hyman has not alleged plausibly that his gender, age, or religion motivated any of the negative treatment to which the Defendants allegedly subjected him, see Clayton v. Vanguard Car Rental U.S.A., Inc., 761 F. Supp. 2d 1210, 1244 (D.N.M. 2010)(Browning, J.)("[A] plaintiff suing under the ADEA must prove that his or her age motivated the challenged employment action.").  Second, although Hyman alleges that the Defendants retaliated against him by sending him harassing emails and making derogatory statements about him, Hyman has not alleged that the Defendants engaged in this conduct because Hyman engaged in "protected opposition to discrimination."  Argo v. Blue Cross & Blue Shield of Kan., Inc., 452

F.3d 1193, 1202 (10th Cir. 2006).  Third, Hyman does not state a claim under the ADA, because Hyman has not pled that he has filed a charge of discrimination with the United States Equal Employment Opportunity Commission in relation to his allegation that his request for an accommodation for the 2022-2023 school year was denied -- the only allegation whose underlying conduct plausibly may have occurred after the parties' 2022 settlement agreement -- and thus the Defendants are entitled to the affirmative defense that Hyman has not exhausted his administrative remedies.  See 42 U.S.C. § 2000e-5(e)(1); Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1181 (10th Cir. 2018).

Finally, Hyman alleges that the Defendants violated his rights under the Copyright Act of 1976, 17 U.S.C. §§ 101-810, by "demand[ing] that Plaintiff return all issued computers . . . with stored files," which Hyman alleges "belong to [him] under the Copyright laws of the United States."  Complaint ¶¶ 40-41, at 23-24.  "To prevail on a claim of copyright infringement, the plaintiff bears the burden of establishing ownership of a valid copyright and the defendant's violation of any one of the exclusive rights that 17 U.S.C. § 106 grants to copyright owners." Warner Bros. Ent. Inc. v. Loyd, No. CIV 20-0062, 2023 WL 5727468, at *72 (D.N.M. September 5, 2023)(Browning, J.).  See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Despite that Hyman has not attached copies of his copyright registrations to the Complaint, viewed in a light most favorable to Hyman, the Court will accept as true that Hyman possesses valid copyrights to files on the computers that the Defendants demanded that he return.  See Complaint ¶ 41, at 24 ("These files belong to Plaintiff under the Copyright laws of the United States . . . ."). Hyman does not make factual allegations, however, that any Defendant copied or otherwise made use of any element of a copyrighted work in a manner that the Copyright Act prohibits.  See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. at 361.  By alleging that the Defendants demand

that he return computers that they issued to him, Hyman does not allege that the Defendants reproduced his works, distributed to the public his works, or made derivative materials based on his works.  See 17 U.S.C. § 106; Hunnicutt v. Moore, No. CIV 18-0667, 2019 WL 1407494, at *8 (D.N.M. March 28, 2019)(Browning, J.).  Accordingly, Hyman has not stated a claim for copyright infringement.  Having dismissed Hyman's federal claims, the Court declines to exercise supplemental jurisdiction over Hyman's remaining State law claims, which the Court dismisses without prejudice.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [State law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").  Furthermore, the Court will not award attorney's fees pursuant to U.S.C. § 1927, because the Court concludes that Hyman's counsel did not act with "intentional or reckless disregard of [their] duties to the court."  Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).  See Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir. 1985)("[P]ower to assess costs against an attorney under § 1927 . . . is a power that must be strictly construed and utilized only in instances evidencing a 'serious and [studied] disregard for the orderly process of justice.'" (quoting Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968)(second alteration in Dreiling v. Peugeot Motors of America, Inc.)).

**IT IS ORDERED** that: (i) the Defendants' Motion to Dismiss and for Attorney's Fees, filed July 28, 2023 (Doc. 18), is granted in part and denied in part; (ii) Plaintiff Michael Hyman's federal claims are dismissed with prejudice; (iii) Hyman's State law claims are dismissed without prejudice; (iv) the Court will not award attorney's fees; and (v) the Court will enter a separate Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Keith Eakins
Oklahoma City, Oklahoma

-- and --

Grant C. Aguirre
Aguirre Morelli & Associates
Guthrie, Oklahoma

     *Attorneys for the Plaintiff*

Cody R. Rogers
Hope Pendleton
Serpe Andrews, PLLC
Las Cruces, New Mexico

     *Attorneys for the Defendants*